UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joby John,<br>Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-v-<br><br>All Star Limousine Service, Ltd.,<br><br>Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Joby John ("Plaintiff," or "John"), on behalf of all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant All Star Limousine Service, Ltd. ("Defendant," or "All Star Limousine"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and all others similarly situated, that he and they were employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are : (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff and the class members are also entitled to recover maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff is further entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Joby John ("Plaintiff ' or "John") is a resident of Nassau County in the State of New York.

9. Upon information and belief, Defendant All Star Limousine Service, Ltd., ("Defendant" or "All Star Limo") is a domestic for-profit corporation.

10. Upon information and belief, Defendant All Star Limo is organized and existing under the laws of the State of New York and duly authorized to do business in New York.

11. Upon information and belief, All Star Limo maintains offices and operations within the State of New York at 380 New Highway, Lindenhurst, NY 11757.

12. "Plaintiff" as used in this complaint refers to the named Plaintiff.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

14. Upon information and belief, and at all times relevant herein Defendant is in the business of providing transportation services to customers in the New York City and Tri-state area. As Defendant's name suggests, Defendant mainly provides limousine services to its clients.

15. Upon information and belief, and at all times relevant herein, Defendant All Star Limo operates and provides services throughout New York City and the Tri-State area.

16. Upon information and belief and at all times relevant herein, Defendant All Star Limo had over 100 employees at any given time and over 300 during the class period.

17. Upon information and belief, and at all times relevant herein, Defendant was involved in the business of providing transportation services to its customers.

18. Plaintiff Joby John was employed by Defendant from in or around July 2005 to on or about July 27, 2017.

19. At all times relevant herein, Plaintiff was employed by Defendant as a limousine driver.

20. At all times relevant herein, in performing his job for Defendant, Plaintiff drove a vehicle with a capacity of six or less passengers.

21. At all times relevant herein, Plaintiff drove a Lincoln Town car or a similar vehicle.

22. At all times relevant herein, Plaintiff drove a vehicle that weighed less than 10,000 pounds.

23. At all times relevant herein, Defendant offered limousine services to corporate clients, to families on prom nights etc., -Defendant also offered tours to groups of all kinds etc.

24. At all times relevant herein, Defendant had recurring contracts with business clients such as Computer Associates and JP Morgan Chase. Pursuant to these contracts, Defendant provided recurring and ongoing transportation services to these businesses using employees like plaintiff.

25. At all times relevant herein, Plaintiff worked pre-arranged trips where he would be told the pick-up and drop-off locations and the names of the passengers -Plaintiff and other drivers of Defendant were not allowed to pick up passengers on the street who did not first place an order through Defendant's offices for a pre-arranged trip.

26. At all times relevant herein, Plaintiff was paid at an hourly rate of $10-$15 an hour.

27. From in or around July 2005 to on or about August 11, 2014, Plaintiff was not paid for all hours worked in each week during this period of employment with Defendant – Defendant would pay Plaintiff based on the estimated hours for each job and Plaintiff was not paid any wages including overtime wages for the remaining hours worked during each week.

28. From on or about August 11, 2014, until on or about July 27, 2017, Defendant paid Plaintiff at 1.5 times his regular rate for overtime hours (hours over 40 in a week) worked but Defendant did not include commissions in the calculation of overtime pay rate which resulted in an underpayment of overtime wages – During this period, Plaintiff was also not paid for all hours worked in each week – Defendant had a policy and practice of paying Plaintiff for less hours than he actually worked each week.

29. At all times relevant herein, Plaintiff worked between 50-60 hours a week and sometimes more, 5-7 days a week, for Defendant.

30. At all times relevant herein, Plaintiff was employed by Defendant as an hourly employee who was entitled to received tips/gratuities.

31. At all times relevant herein, Defendant failed to pay Plaintiff and the putative class members at a rate of at least 1.5 times their regular rate (including commissions) for overtime hours worked.

32. At all relevant times herein, Defendant had a policy of deducting from the wages of its drivers including Plaintiff, the cost of damages to the vehicle incurred while performing the driving

4

assignments for Defendant - Plaintiff paid about $25,000 - $30,000 to cover the costs of damages to the vehicle he drove while performing work for Defendant and was never reimbursed for such work-related expense in violation of NYLL 193.

33. The improper deduction for parking fines etc., also improperly resulted in the underpayment of overtime wages under the FLSA and NYLL.

34. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

35. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked by Plaintiff nor all wages earned, among other deficiencies.

36. At all relevant times herein and for the time Plaintiff was employed by Defendant, he worked more than forty (40) hours in a week for some or all weeks.

37. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff and the putative class at an overtime rate of at least 1.5 times their regular rate (including commissions) of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

38. Upon information and belief and at all times relevant herein, Defendant had annual revenues from its operations of more than five hundred thousand dollars ($500,000).

39. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

40. All times applicable or relevant herein as to the NYLL overtime claim refers to at least the six-year period preceding the filing of this complaint but this period may be longer.

41. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

42. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

44. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

45. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

46. At all times relevant to this action, Plaintiff, and all others similarly situated were employed by Defendant within the meaning of the FLSA - 29 U.S.C 201 et Seq.

47. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

48. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 300 members of the class during the class period.

49. The class definition will be refined as is necessary, including after discovery if necessary.

50. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

51. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for

6

commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

52. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

53. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff and all those similarly situated, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

54. Due to Defendant's FLSA violations, Plaintiff, and all others similarly situated are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

55. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 53 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

56. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

57. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an

overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

58. The class definition will be refined as is necessary, including after discovery if necessary.

59. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 300 members of the class during the class period.

60. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

61. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

62. Upon information and belief, the claims of the representative party are typical of the claims of the class.

63. The representative party will fairly and adequately protect the interests of the class.

64. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

66. A class action is superior to other available methods for the fair and efficient adjudication of

the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

67. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

68. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

69. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

70. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 69 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

71. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

72. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and

NYLL 195(3) violations is defined as current and former hourly employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

73. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

74. The class definition will be refined as is necessary, including after discovery if necessary.

75. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 300 members of the class during the class period.

76. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

77. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

78. Upon information and belief, the claims of the representative party are typical of the claims of the class.

79. The representative party will fairly and adequately protect the interests of the class.

80. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

81. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendant failed to provide Plaintiff and the putative class with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

82. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

83. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

84. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

85. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

86. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL 191, 193, 195, 198

87. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 86 above as if set forth fully and at length herein.

88. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

89. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), and minimum wages, within the time required under NY Labor Law § 190 et seq., and by making unlawful deductions from Plaintiff's wages such as for damages to the vehicle as laid out above.

## Relief Demanded

90. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including unpaid non-overtime and overtime wages, and minimum wages, reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

91. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief: Declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL § 193.

92. As to the **First Cause of Action**, award Plaintiff and all others similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

93. As to the **Second Cause of Action**, award Plaintiff and all others similarly situated, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

94. As to the **Third Cause of Action**, order Defendants to pay Plaintiff and the class, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

95. As to the **Third Cause of Action**, award Plaintiff, his entire unpaid wages, including his unpaid non-overtime and overtime wages, reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, and an order enjoining defendants from continuing these violations, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198.

96. Award Plaintiff, and all others similarly situated, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

97. Award Plaintiff, and all others similarly situated, such further and different relief as the court deems just and proper.

Dated: Queens Village, New York
      October 31, 2017

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*